**LANE & NACH, P.C.**
2025 North Third Street
The Brookstone - Suite 157
Phoenix, Arizona  85004
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Adam B. Nach – 013622
Email: adam.nach@lane-nach.com
Stuart B. Rodgers – 025720
Email: stuart.rodgers@lane-nach.com
Attorneys for Jill H. Ford, Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | (Chapter 7 Case) |
| OMNI HORIZON GROUP, LLP, | No. 2-09-bk-33353-RTB |
| Debtor. | **NOTICE OF STIPULATED APPLICATION TO COMPROMISE CLAIM** |

TO:  CREDITORS AND PARTIES-IN-INTEREST:

Notice is hereby given that Jill H. Ford, Trustee, has filed an Application to Compromise Claim, a complete copy is on file with the Clerk of the Court and available for inspection. Trustee asserts that among the property of this Estate are Stock Certificate #73 ("Cert 1"), representing 1,658,815 shares of stock in Clear Energy and Stock Certificate #51 ("Cert 2"), representing 500,000 shares of stock in Clear Energy (hereinafter collectively the "Stock").  On or around June 5, 2001, a stock certificate for 1,658,815 shares of unregistered common stock in Clear Energy allegedly was issued to Debtor purportedly in exchange for technology that Debtor was to provide to Clear Energy.  The certificate stated that the shares were restricted and "transferable only on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon the surrender of this Certificate properly endorsed." On or around January 1, 2002, a stock certificate for 500,000 shares of unregistered common stock in Clear Energy allegedly was issued to Debtor, bearing the same restrictions on transferability.

Clear Energy asserts that the technology that the Debtor provided was not as represented and in fact was useless and without value and the issuance of Cert 1 and Cert 2 was *ultra vires* and void. The Trustee is aware that on September 23, 2005, the Arizona Corporation Commission entered a Judgment, with consent to entry of order by the Debtor and Christopher D. Dedmon and Kimberly Dedmon (the "Dedmons"), finding that Debtor had agreed to transfer approximately 1,867,377 shares of Clear Energy stock to approximately 100 investors, some of which who were not qualified investors, in exchange for investment funds totaling approximately $535,700.00, and all without having been transferred on the books of Clear Energy.Furthermore, The Trustee has seen no documents or other material that indicates the Stock was validly, properly and legally issued to the Debtor. Notwithstanding, Owens & Pyper has asserted a lien on Cert 1 and Cert 2, for outstanding legal fees owed by the Debtor.  Clear Energy maintains that Christopher Dedmon, the principle of the Debtor, obtained the Stock, which is claimed to be estate property, through fraud, that the certificates are void, and therefore the Estate's interest in the Stock is without value.  Furthermore, Clear Energy has asserted that it will commence litigation against the holder of the Stock, be it the Estate, or any assignee, to have the Stock declared void.

The Trustee and Clear Energy, through their attorneys, have engaged in discussion and debate regarding

the likelihood of success of any litigation between Clear Energy and the Estate relative to the stock, and have discussed the potential costs of litigation for both sides. Trustee has received an offer from Clear Energy to resolve the outstanding dispute, subject to Court approval, wherein: (1) the Trustee agrees to execute a Stipulated Agreement that assigns all rights and interest of the Estate in the Stock, both Cert 1 and Cert 2, to Clear Energy and declares that the Stock is void and without value; (2) Clear Energy agrees to pay $20,000.00 to the Estate upon approval by the Court of this Stipulated Agreement to avoid litigating the validity of the Stock, and (3) the Parties agree that this settlement is contingent upon Court approval. The Trustee further agrees to execute or endorse the Stock to Clear Energy and execute and any and all documents necessary to accomplish the transfer of the Estate's interest in the Stock to Clear Energy within ten (10) days.

The $20,000.00 in settlement funds shall be made payable to "Jill H. Ford, Trustee" and shall be sent directly to the Trustee within ten (10) days of the Order approving the Stipulated Application to Compromise ("Approval Order"). In light of prior findings of the Arizona Corporation Commission concerning the Debtor and Dedmon, the likelihood of success and the costs associated with protracted litigation, the Trustee believes the settlement is appropriate and in the best interest of the estate after consideration of all of the circumstances.

Any person opposing same shall file a written objection, together with a notice of hearing, on or before 21 days of the date of this mailing as follows: United States Bankruptcy Court, as follows: (a) by hand-delivery or mail to 230 North First Avenue, Suite 101, Phoenix, Arizona 85003-1706; or (b) electronically at the Court's website: ecf.azb.uscourts.gov using the Court's electronic filing procedures, <u>with a copy to</u>: Lane & Nach, P.C., 2025 North Third Street, Suite 157, Phoenix, AZ 85004.

**Objections should be supported by specific facts.** If the party in interest timely objects in writing and requests a hearing, the matter will be placed on the calendar to be heard by a United States Bankruptcy Judge. If there is no timely written objection and request for hearing filed, no hearing will be held and the Court will sign an Order without further notice to you.

DATED: 2/14/11               LANE & NACH, P.C.


By /s/ SBR 025720
    Adam B. Nach
    Stuart B. Rodgers
    Attorney for Trustee